UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff TAIANA COKE, a California citizen and resident, and files this Amended Complaint against Defendant ROYAL CARIBBEAN CRUISES LTD.,, a Liberian corporation with its principal place of business in Florida, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff TAIANA COKE is sui juris and is a permanent resident and citizen of the State of California.

3. Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum

jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 12 below, including a fractured right tibial plateau, support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract, by a letter dated December 30, 2019, a copy of which is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "ADVENTURE OF THE SEAS."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "ADVENTURE OF THE SEAS" and in that capacity was lawfully present on board the vessel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

11.     On or about November 10, 2019, while the Plaintiff was lawfully on board the M/S ADVENTURE OF THE SEAS as a fare paying passenger, the Plaintiff was walking through the interior of the ship by the casino when she tripped on a hidden change of elevation of the flooring and thereby fell, sustaining serious injuries.

12.     RCCL has actual and/or constructive notice of the dangerous condition described above.  Specifically, there have been frequent prior trip and fall incidents on the same of similar changes in elevation in the interior areas of the ship, a fact acknowledged by an RCCL crewmember responding to the scene.

13.     Further, as a result of the high traffic nature of this passenger walkway, and the possible hazards flowing therefrom, a number of safety agencies such as ASTM International and the American National Standards Institute (ANSI) have developed safety standards applicable to this or similar passenger walkways, specifically related to changes of elevation and the required warnings near their presence.  The standards in and of themselves constitute constructive notice that conditions in violation of the standards are hazardous, a fact which is exacerbated by prior incidents revealing to the Defendant that the change of elevation was in fact deficient in these areas.

14.     As a direct and proximate result of the slip and fall described above, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. He incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries.  He lost earnings and will continue to lose earnings or earning capacity in the future.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

## COUNT I – NEGLIGENT MAINTENANCE

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above and further alleges:

15. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface and area where Plaintiff fell in a reasonably safe condition, and to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

16. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its concealed change of elevation.

17. As described in paragraphs 12 and 13 above, at all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the condition as it had actual or constructive notice of the change of elevation and safety issues flowing therefrom, and Defendant accordingly owed a duty to Plaintiff timely to remedy the dangerous condition.

18. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the concealed change of elevation, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to maintain the area in a reasonably safe manner or to correct its condition. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

19.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

a.     Failing to maintain the floor surface in a reasonably safe condition;

b.     Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell;

c.     Failing timely to correct the dangerous condition of the area where Plaintiff fell;

20.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above and further alleges:

21.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

22.     At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its concealed change of elevation.

23.     As described in paragraphs 12 and 13 above, at all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

or in the exercise of reasonable care should have known of the condition as it had actual or constructive notice of the concealed change in elevation and safety issues flowing therefrom, and Defendant accordingly owed a duty to Plaintiff to adequately warn of the presence and nature of dangerous condition.

24.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the floor by the casino described above, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to adequately to warn the Plaintiff through placement of appropriate signage or markings, orally delivered or written warnings, or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

25.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 14.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 5th day of November, 2020.

<u>**s/NICHOLAS I. GERSON**</u>
NICHOLAS I. GERSON
Florida Bar No. 0020899
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com