UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-24549-DLG

TAIANA COKE,

 Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation.

 Defendant,

_____/

## DEFENDANT ROYAL CARIBBEAN CRUISES LTD.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, denominated by Plaintiff as ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Complaint [DE 1]:

### JURISDICTION, VENUE AND PARTIES

1. Defendant admits that Plaintiff alleges that this is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Defendant is without knowledge; therefore, denied.

3. Defendant admits, for purposes of this litigation only, that it is a corporation organized under the laws of Liberia and maintains a principal place of business in Miami-Dade County, Florida. Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 3.

4.      Defendant admits that Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 4.

5.      Defendant admits, for purposes of this litigation only, that on or about the date(s) alleged in the Complaint it maintained a principal place of business in Miami-Dade County, Florida and was engaged in business in Florida. Defendant admits that on or about the date(s) alleged in the Complaint it was engaged in the business of operating certain cruise vessels for paying passengers. Defendant admits, for purposes of this litigation only, that it is not contesting personal jurisdiction. Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 5.

6.      Defendant admits that venue is proper based on the forum selection clause contained in the applicable passenger ticket contract which requires passengers to bring personal injury lawsuits in the Miami Division of the U.S. District Court for the Southern District of Florida.   Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 6.

7.      Defendant admits, for purposes of this litigation only, that it maintains a principal place of business in Miami-Dade County, Florida. Defendant admits that venue is proper based on the forum selection clause contained in the applicable passenger ticket contract which requires passengers to bring personal injury lawsuits in the Miami Division of the U.S. District Court for the Southern District of Florida.   Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 7.

8.    Defendant admits that Plaintiff's counsel sent a letter of representation dated December 30, 2019 regarding Plaintiff's alleged incident. Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 8.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.    Defendant admits, for purposes of this litigation only, that it may be deemed the operator of the *Adventure of the Seas* and other certain cruise vessels on or about the date(s) alleged in the Complaint.  Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 9.

10.    Defendant admits, for purposes of this litigation only, that Plaintiff was a lawful passenger on the *Adventure of the Seas* on or about the date(s) alleged in the Complaint.  Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 10.

11.    Defendant admits, for purposes of this litigation only, that Plaintiff was a lawful passenger on the *Adventure of the Seas* on or about the date(s) alleged in the Complaint.  Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 11.

12.    Denied.

13.    Denied.

14.    Denied.

## COUNT I – NEGLIGENT MAINTENANCE

Defendant adopts and incorporates its responses to the allegations in paragraphs 1 through 14 as though fully set forth herein.

3

15.     Defendant admits it owed a duty to Plaintiff to exercise reasonable care under the circumstances pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406 (1959). Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied

19.     Denied, including all subparts.

20.     Denied.

Defendant denies Plaintiff is entitled to the relief sought in the Wherefore Clause.

## COUNT II - NEGLIGENT FAILURE TO WARN

Defendant adopts and incorporates its responses to the allegations in paragraphs 1 through 14 as though fully set forth herein.

21.     Defendant admits it owed a duty to Plaintiff to exercise reasonable care under the circumstances pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406 (1959). Except as specifically admitted herein, Defendant denies, both generally and specifically, all remaining allegations in paragraph 21.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

Defendant denies Plaintiff is entitled to the relief sought in the Wherefore Clause.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's own negligence was the sole proximate cause of her injuries and damages, and as such any damages are barred as a matter of law.  Alternatively, Plaintiff's own negligence contributed to the subject incident and her injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

2.      This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference.

3.      Plaintiff may have failed to mitigate her damages; therefore, Plaintiff's recovery, if any, must be reduced in accordance the principles of comparative negligence.

4.      Plaintiff's claims are governed by maritime law and any recovery is limited by general maritime law.

5.      Plaintiff's injuries are limited to association of a pre-existing condition(s), if any, and are limited to the degree of aggravation of these injuries.

6.      The allegedly dangerous condition was open and obvious and should have been observed by the Plaintiff through the ordinary use of her senses, barring any recovery by the Plaintiff.

7.      Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it.

8.  Plaintiff's past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written off, not submitted and which Plaintiff was not required to pay.

9.  Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiff's injuries, if any, and, as such, no liability exists.

10.  Defendant alleges it had no prior actual or constructive notice of the alleged dangerous condition and that the alleged condition did not exist for a sufficient length of time so that Defendant could have learned of it or taken action to remedy it.  As such, no liability exists.

11.  Defendant alleges that the damages allegedly suffered by Plaintiff were not caused by any act or omission to act on the part of Defendant and were caused by other trauma suffered by Plaintiff in her lifetime.

12.  Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

13.  Defendant is informed and believes and thereon alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by the Plaintiff in the Complaint; however, if this answering Defendant is subject to any liability, it will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiffs against this answering Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of

comparative liability; the liability of this answering Defendant, if any, is limited to direct proportion to the percentage of fault actually attributed to this answering Defendant.

14.     Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, the Defendant, ROYAL CARIBBEAN CRUISES LTD., having answered the Complaint [DE 1] and asserted affirmative defenses, demands judgment in its favor and against the Plaintiff, along with all costs and attorney's fees available under the Federal Rules of Civil Procedure.

Respectfully submitted,

ROYAL CARIBBEAN CRUISES LTD.
1080 Caribbean Way
Miami, Florida 33132
(305) 982-2046 Tel.
(305) 539-4457 Alt. Tel.
(305) 539-6561 Fax

By*:  /s/ Nicholas A. Applin*
        Nicholas A. Applin
        napplin@rccl.com
        Florida Bar No.: 092243

Case No. 1:20-cv-24549-DLG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Nicholas A. Applin_____*
Nicholas A. Applin
napplin@rccl.com
Florida Bar No.: 092243

## SERVICE LIST

| | |
|---|---|
| Nicholas I. Gerson, Esq.<br>ngerson@gslawusa.com<br>Gerson & Schwartz, P.A.<br>1980 Coral Way<br>Miami, FL 33145<br>Tel. (305) 371-6000<br>Fax (305) 371-5746<br><br>*Attorneys for Plaintiff* | Nicholas A. Applin, Esq.<br>napplin@rccl.com<br>Royal Caribbean Cruises Ltd.<br>1080 Caribbean Way<br>Miami, Florida 33132<br>Tel. (305) 982-2046<br>Alt. (305) 539-4457<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |

8