UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-MCALILEY
[CONSENT CASE]

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian corporation,

      Defendants.

_____/

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STANDARDS AND GUIDELINES OFFERED BY KARL LEDERER

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), moves *in limine* to exclude from trial evidence, testimony, or argument regarding standards and guidelines offered by Plaintiff's expert Karl Lederer, and states as follows:

### INTRODUCTION

Plaintiff's proposed engineering expert Karl Lederer through his Rule 26 report has offered standards and guidelines in support of his opinions. RCCL's *Daubert* motion to strike Karl Lederer is currently being briefed by the parties. *See* ECF No. 51. Within its *Daubert* motion, RCCL argues Mr. Lederer should be stricken because his opinions pertain to a ramp that Plaintiff ultimately did not traverse.

Similarly, the standards and guidelines relied on by Mr. Lederer are not applicable to the black friction strip which Plaintiff testified caught her foot. There is a high risk of confusing the jury if these materials are offered at trial. Additionally, there is no evidence in this case that these

standards and guidelines are custom within the cruise industry. As such, Plaintiff should be precluded from offering same at trial.

## ARGUMENT

Defendant seeks to exclude the following standards and guidelines cited in and attached to Karl Lederer's report. [ECF No. 51-1, pgs. 22 – 45]:

1.     **2010 ADA Standards for Accessible Design [1] [ECF No. 51-1, pgs. 22 – 26].**

2.     **National Fire Protection Association (NFPA),** *Life Safety Code* **(1997) [*Id.* at pgs. 28-32].**

3.     **National Fire Protection Association (NFPA),** *Code for Safety to Life from Fire on Merchant Vessels* **(2001) [ECF No. 51-1, pgs. 33-36].**

4.     **ATSM Designation: F 1637-95,** *Standard Practice for Safe Walking Surface* **[ECF No. 51-1, pgs. 37-39].**

5.     **ATSM Designation: F1166-07,** *Standard Practice for Human Engineering Design for Marine Systems, Equipment, and Facilities* **(2013) [ECF No. 51-1, pgs. 40 – 45].**

Under Federal Rule of Evidence 403, this Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.

At the outset, these standards and guidelines are not relevant to Plaintiff's incident here. None of these materials address the black friction strip that Plaintiff testified she fell on, its placement on the floor, its coefficient of friction, or its interaction with the change in elevation. Rather, Mr. Lederer cited to these materials under the mistaken belief that Plaintiff traversed the ramp. *See generally* RCCL's *Daubert* Motion at ECF No. 51.

---

[1] 49 U.S.C. § 39 – Transportation for Individuals with Disabilities: Passenger Vessels is also included in Mr. Lederer's report, presumably to make the ADA standard applicable. However, the purpose of this rule is to prohibit owners from discriminating against passengers on the basis of disabilities. Plaintiff is not alleged to have had a disability at the time she was onboard.

If these materials are admitted, there is a serious risk that the jury will be confused into believing that the ramp caused Plaintiff's fall. Plaintiff testified that she fell on the friction strip that preceded the ramp. [ECF No. 51-3, 64:1-3; 68:7-15]. Mr. Lederer confirmed in his deposition that this friction strip is flat with the floor. [ECF No. 51-6, 16:4-17:5]. Therefore, these materials speaking to ramp and slope measurements will unfairly prejudice RCCL because Plaintiff will use same to argue she fell due to the ramp.

Further, Mr. Lederer has no experience in the cruise industry and Plaintiff has not shown these materials are evidence of custom or ordinary practice among engineers or architects within the maritime industry. *See Torres v. Carnival Corp.*, 635 Fed.Appx. 595, 600 (11th Cir. 2015) (affirming striking of expert who relied on guidelines that "governed disabled persons and land-based building and facilities, not cruise ships"); *see also Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-cv-22481-UU, 2013 WL 5595938, at *4 (S.D. Fla. Aug. 12, 2013) (striking guidelines, including ADA standards, the Florida Building Code, and *Life Safety Code* where same were irrelevant and no evidence of custom within the industry was shown); *but see Holderbaum v. Carnival Corp.*, 87 F.Supp.3d 1345, 1353 (S.D. Fla. 2015) (considering ATSM standard at summary judgment). There is no evidence in this case that RCCL or other cruise lines followed these cited standards or guidelines, and regardless, none are relevant to the black friction strip Plaintiff testified she caught her foot on.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES, LTD., respectfully requests that this Court enter an order precluding Plaintiff and her expert Karl Lederer from offering the standards addressed above, including any testimony or argument regarding same, and for any further relief this Court deems just and proper.

**Local Rule 7.1 Certification**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sough in the motion in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com
Lilia.Parker@Gray-Robinson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*

**SERVICE LIST**
**CASE NO.: 1:20-cv-24549-MCALILEY**

Nicholas I. Gerson, Esq.
Edward S. Schwartz, Esq.
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:  (305) 371-6000
Facsimile:  (305) 371-5749
ngerson@gslawusa.com
pgerson@gslawusa.com
eschwartz@gslawusa.com
dmarkel@gslawusa.com