UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-MCALILEY
[CONSENT CASE]

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian corporation,

      Defendants.

_____/

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PRIOR INCIDENTS THAT ARE NOT SUBSTANTIALLY SIMILAR

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), moves *in limine* to exclude from trial evidence of prior incidents that are not substantially similar to Plaintiff's, and states as follows:

### INTRODUCTION

Plaintiff alleges that while sailing as a passenger on the *Adventure of the Seas* on November 10, 2019, her foot caught a black friction strip which caused her to trip and fall forward. Prior to Plaintiff's testimony, RCCL produced documentation regarding prior incidents across the *Voyager*-class pertaining to slip-and-falls and trip-and-falls on deck 4 near the casino. As the proponent of evidence pertaining to prior incidents, Plaintiff bears the burden to show that conditions substantially similar to her own incident caused the prior incidents. Only one previous passenger blamed non-skid material for her fall. Therefore, Plaintiff cannot meet her burden in showing the remaining prior incidents should be presented to the jury. This Court should enter an order precluding this evidence from being offered.

**ARGUMENT**

The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath v. Suzuki Motor Corp.*, 126 F. 3d 1391, 1396, n. 12 (11th Cir. 1997); *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F. 3d 1275, 1287 (11th Cir. 2015) (affirming district court's ruling excluding 22 prior incidents from trial). The doctrine, which applies when a party seeks to admit prior accidents or occurrence to show, for example, notice, is designed to "limit the substantial prejudice that might occur to a party should these past occurrences or accidents be admitted into evidence." *Tran v. Toyota Motor Corp.*, 420 F. 3d 1310, 1316 (11th Cir. 2005).

Here, Plaintiff alleges that a black friction strip on deck 4 caught her foot while she was walking to the casino which caused her to fall. ECF No. 51-3 (Plaintiff's Deposition) at 64:1-3; 68:7-15. She did not blame any water or transitory substance for her fall. *Id.* at 67:5-7. RCCL disclosed thirty-four (34) prior incidents in this case, consisting of trip-and-falls and slip-and-falls on *Voyager*-class vessels[1] for the three-year period preceding Plaintiff's incident. *See* **Exhibit 1** (RCCL's Supplemental Response to Interrogatory #21). RCCL disclosed the passenger injury statements for these prior incidents [**Exhibit 2**] and RCCL's corporate representative was questioned regarding same. *See* **Exhibit 3** (RCCL's Corporate Representative Deposition) at 117:13 – 142:14.

Of the prior incidents disclosed, only one passenger, JoAnn Horton, blamed non-skid material as the cause of her fall. **Ex. 2** at pgs. 42-43. The remaining prior incidents occurred on different surfaces (carpet to tile transition, near the elevators, etc.) and/or allege a different

---

[1] The *Voyager*-class consists of five (5) vessels: (1) *Voyager of the Seas*; (2) *Explorer of the Seas*; (3) *Adventure of the Seas*; (4) *Navigator of the Seas*; and (5) *Mariner of the Seas*. **Ex. 3** at 13:15-25.

mechanism of the fall (slipping in wet substance, change of elevation, movement of the ship, etc.). *See* **Exhibits 1, 2, and 3.** Accordingly, Plaintiff cannot meet her burden in showing conditions substantially similar to her own incident caused the prior incidents. *Heath*, 126 F.3d at 1396-97 n. 12 (11th Cir. 1997); *Sorrels*, 796 F. 3d at 1287.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES, LTD., respectfully requests that this Court enter an order precluding Plaintiff from offering evidence of prior incidents not substantially similar to her own, and for any further relief this Court deems just and proper.

### Local Rule 7.1 Certification

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sough in the motion in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com
Lilia.Parker@Gray-Robinson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ W. Cooper Jarnagin

**SERVICE LIST**
**CASE NO.: 1:20-cv-24549-MCALILEY**

Nicholas I. Gerson, Esq.
Edward S. Schwartz, Esq.
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:  (305) 371-6000
Facsimile:  (305) 371-5749
ngerson@gslawusa.com
pgerson@gslawusa.com
eschwartz@gslawusa.com
dmarkel@gslawusa.com