UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-24549-McALILEY
(CONSENT CASE)

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A Liberian corporation,

      Defendants.

_____/

**PLAINTIFF'S MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff through undersigned counsel moves in limine to exclude certain matters Plaintiff

as to which anticipates the Defendant may attempt to introduce evidence at trial or reference before

the jury in argument or otherwise.  For the reasons explained below, these matters should be

excluded from evidence and argument at trial.

**Alleged Non-Occurrence of Prior Similar Incidents**

ROYAL CARIBBEAN may attempt to argue that a large number of passengers have

traversed the area on Deck 4 approaching the casino onboard of its passenger cruise vessel

"ADVENTURE OF THE SEAS," the area where Ms. COKE fell, without falling or any other

form of mishap or injury.  In her deposition as corporate representative of ROYAL CARIBBEAN

pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, corporate representative Amanda

Campos testified that "millions" of passengers had traversed the area and only a "tiny" "fraction"

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

had fallen. (DE 59-3, Deposition of Amanda Campos, August 3, 2021 at 96:7-15.  In order to make such an argument at trial, however, ROYAL CARIBBEAN would have to lay a foundation showing that conditions when the hypothetical uninjured passengers traversed the same area of Deck 4 were substantially similar to the conditions Ms. COKE encountered. *See Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017), *citing Pittman v. Littlefield*, 438 F.2d 659, 662 (1st Cir. 1971)(excluding evidence of the absence of prior similar incidents where NCL had failed to establish a sufficient foundation to admit such evidence; in order to admit evidence of the absence of prior accidents, a party seeking to introduce such evidence "'must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident.'"); *Diczok v. Celebrity Cruises, Inc.*,  2017 U.S. Dist. LEXIS 116820, 2017 WL 3206327 (S.D. Fla. Case No. 16-210110-CIV-SEITZ/TURNOFF, July 26, 2017)(party seeking to rely on evidence of the absence of prior incidents "must show that conditions during the period in question were substantially similar  to those prevailing at the time of the accident.").

In this case, ROYAL CARIBBEAN has not laid a sufficient foundation to support an argument based on an asserted absence of prior incidents.  It has not shown that hypothetical prior passengers traversing the area where Ms. COKE fell encountered the same conditions she did.  In the absence of an adequate foundation, argument concerning an alleged absence of prior incidents would be confusing to the jury and unfairly prejudicial, and so should be excluded under Federal Rule of Evidence 403 and cases such as *Acevedo, Diczok*, and *Pittman*.

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

**WHEREFORE,** the Plaintiff moves in limine to exclude all evidence or argument concerning or other reference before the jury to an alleged absence of prior similar incidents or the estimated or calculated number of passengers who have traversed the area where Ms. COKE fell without incident or injury.

### The Defendant's Corporate Representative Should Not be Permitted At Trial To Contradict Or Vary From Binding Testimony Given In Deposition Pursuant To Rule 30(b)(6), Federal Rules Of Civil Procedure

As noted above, on August 3, 2021 Defendant ROYAL CARIBBEAN gave a deposition pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, through its designated corporate representative Amanda Campos. (DE 59-3).  Ms. Campos testified that Plaintiff TAIANA COKE, shortly after her fall, had given a passenger injury statement to ROYAL CARIBBEAN, in which Ms. COKE explained that she had fallen over a "hump" in the area of Deck 4 approaching the onboard casino. (DE 59-3 at 42:12-21, 47:17-21, 49:23-50:1, 59:22-24).  ROYAL CARIBBEAN through Ms. Campos also indicated that, despite Ms. COKE's explanation in the passenger injury statement, ROYAL CARIBBEAN was not "sure" "exactly" where Ms. COKE fell, at least as of the time of Ms. Campos' deposition. (DE 59-3 at 48:18-21, 49:6-16).  ROYAL CARIBBEAN also indicated that the vessel's camera system, while apparently operational on the day Ms. COKE fell, had not been able to capture the fall itself because of a column blocking the camera view, so that there was no available CCTV footage depicting the fall. (DE 59-3 at 48:20-21, 187:17-24, 191:14-192:5).  Ms. Campos also commented on a sign supposedly posted  in the area where Ms. COKE

3

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

fell and a number of prior falls, stated at the deposition to be thirty-four, in the area where Ms. COKE fell. (DE 59-3 96:21-97:1, 100:11-14, 101:20-22, 102:11-18, 111:18-23). Thus, Ms. Campos on behalf of ROYAL CARIBBEAN stated ROYAL CARIBBEAN's position as to a number of issues important to the case, such as the location where Ms. COKE fell, unavailability of relevant CCTV footage, a number of prior incidents, and the adequacy of signage in the area.

Federal Rule of Civil Procedure 30(b)(6) provides for deposition to be given on behalf of a corporation through a designated corporate representative, who testifies as the corporation and whose testimony is accordingly binding on the corporation. The rule is "designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 432-33 (5th Cir. 2006). The corporate deponent must therefore "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely unevasively, the questions posed ... as to the relevant subject matters." *Brazos*, 469 F.3d at 433, quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd*., 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)(emphasis in Brazos); see *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999)(corporate Rule

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

30(b)(6) deponent must "designate persons who have knowledge of the matters sought" and "prepare those persons so that they are able to give complete and knowledgeable answers.").

Corporations have an "affirmative duty" to make available the witnesses "necessary to give 'complete, knowledgeable and *binding* answers'" on their behalf. *Ecclesiastes 9:10-11-12, Inc, v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007), quoting *Morelli*, 143 F.R.D. at 45 (emphasis added).  While Rule 30(b)(6) "is not designed to be a memory contest," the corporation's designated deponent "must both be knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *Meridien*, 171 F.R.D. at 150.  The corporation accordingly has a duty to prepare the designated deponent to testify "to the extent matters are reasonably available, whether from documents, past employees, or other sources"; the corporation's duty to prepare the witness "goes beyond matters personally known to that designee or ... matters in which that designee was personally involved."  *Brazos*, 469 F.3d at 433; *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001)(duty of corporate deponent to "review all matters known or reasonably available" before a Rule 30(b)(6) deposition).

Since the corporate representative is designated by the corporation, and the corporation has a corresponding duty to prepare that representative thoroughly on the basis of all information known collectively to the corporation, the representative's testimony at deposition is the collective testimony of the corporation and therefore binds the corporation. *Ecclesiastes*, 497 F.3d at 1146;  *Morelli*, 143 F.R.D. at 45.  The binding nature of corporate representative testimony applies not only to those matters as to which the representative makes affirmative representations, but also and indeed especially to those

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

matters as to which the representative, on behalf of the corporation, professes lack of knowledge. *See*

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012)( a corporate

representative's answer at a Rule 30(b)(6) deposition professing "lack of knowledge" regarding a

designated topic "is itself an answer which will bind the corporation at trial."); *Don Goyo Aviation Corp.*

*v. Catlin Ins. Co.*, 2018 U.S. Dist. LEXIS 168100 at *12 (S.D. Fla. Case No. 17-22390-CIV-

COOKE/GOODMAN, September 27, 2018), *citing QBE Ins. Corp.*, 277 F.R.D. at 690 ("As a natural

consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don

Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial'").

In this case, Ms. Campos as corporate representative gave binding deposition testimony on

behalf of ROYAL CARIBBEAN as to the matters explained above and others.  Under Rule

30(b)(6) and the authorities cited above, ROYAL CARIBBEAN "not be allowed to effectively

change its answer by introducing evidence at trial" inconsistent with the binding testimony given

at the corporate representative deposition, including both testimony stating the position of ROYAL

CARIBBEAN on the evidence and testimony indicating that ROYAL CARIBBEAN had limited

knowledge regarding various matters.

**WHEREFORE**, the Plaintiff requests an order in limine preventing ROYAL

CARIBBEAN at trial from introducing evidence inconsistent with the binding answers given by

its corporate representative Amanda Campos at the Rule 30(b)(6) deposition of August 3, 2021.

6

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

**<u>The Defendant's Expert Witness Should Not be Permitted At Trial To Give</u>**

**<u>Testimony Inconsistent With His Expert Report Served Pursuant To Rule 26(a)(2)(B),</u>**

**<u>Federal Rules Of Civil Procedure</u>**

ROYAL CARIBBEAN has proffered David P. Wills, P.E. as an engineering expert witness.  Mr. Wills prepared a report pursuant to Rule 26(a)(2)(B), Federal Rules of Civil Procedure, which has been filed by ROYAL CARIBBEAN. (DE 51-5).  In his report, Mr. Wills assumed or was advised that Ms. COKE fell "just starboard of center on deck 4 near the Centrum stairway structure and aft of the casino." (DE 51-5, Wills Report at 3).  He also assumed or was advised that the deck surface "inclines up in the direction of plaintiff's travel" "Ahead of the apparent location of the fall," i.e., that Ms. COKE fell at the bottom of the inclined area of the walkway rather than at the top or on a "hump" as Ms. COKE stated in her passenger injury statement, and confirmed this assumption on his attached photographs by marking the bottom of the incline, rather than the top or another location, as the location where Ms. COKE fell. (DE 51-5 at 3, 8, 9, 12). Mr. Wills also indicated that the "primary cause(s) of Ms. Coke's incident were not determined during this investigation," i.e., he reached no conclusion at all as to the cause of Ms. COKE's fall. (DE 51-5 at 4).

Mr. Wills has had ample opportunity to inspect the vessel and has prepared a report based on that inspection.  If he testifies at trial, his testimony should be limited to the matters addressed in his report, and he should not be allowed to give surprise testimony at trial inconsistent with his opinions as stated in his Rule 26 report. *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

(11th Cir. 2008)(affirming exclusion of proffered expert testimony where the expert reports submitted failed "to state any actual opinions" and "lack[ed] any of the substance required by *Rule 26(a)(2)(B)*"); *Brown v. NCL (BAHAMAS) LTD.*, 190 F. Supp. 3d 1136, 1142 (S.D. Fla. 2016)(Rule 26(a)(2) requires an expert disclosure to contain "a complete statement of all opinions" to which the expert intends to testify at trial "and the basis and reasons for them"); *cf. Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.* 282 F.R.D. 655 (M.D. 2012)(while expert at trial could "permissibly" "supplement," "elaborate upon" or "explain" his previously served expert report, he could not testify at trial to "an entirely new testing protocol," not previously disclosed, "that formed the basis for his expert opinion."). While under *Rembrandt* Mr. Wills may be able to supplement or elaborate upon his analysis at trial, any additional testimony at trial must be consistent with what was disclosed in his report; he assumed an "apparent" location of Ms. COKE's fall and failed to determine a cause of the fall. He should not be able to surprise the parties and Court at trial with an entirely new analysis.

**WHEREFORE,** the Plaintiff requests an order in limine restricting Mr. Wills' trial testimony to the opinions disclosed in his Rule 26(a)(2)(B) report as discussed above.

8

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

## LOCAL RULE 7.1 CERTIFICATE

The undersigned hereby certifies that he has contacted counsel for all parties who may be

affected by the relief requested above in an attempt to resolve the issues without involvement of

the Court but has been unable to do so. The Defendant opposes the relief requested.

> **s/Edward S. Schwartz**
> Edward S. Schwartz, Esq.
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> Nicholas I. Gerson, Esq.
> Florida Bar No. 20899
> ngerson@gslawusa.com
> Gerson& Schwartz, P.A.
> 1980 Coral Way
> Miami, Florida 33145
> Telephone:(305) 371-6000
> Facsimile: (305) 371-5749
> *Attorneys for Plaintiff*

9

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that on this March 3, 2022, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**s/Edward S. Schwartz**
Edward S. Schwartz, Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Gerson& Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*

10

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

**SERVICE LIST**
**CASE NO. 20-CV-24549-McALILEY**
**(CONSENT CASE)**

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No.: 127290<br>pgerson@gslawusa.com<br>**Nicholas I. Gerson, Esq.**<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz , Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Gerson & Schwartz, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:(305) 371-6000<br>Facsimile:(305) 371-5749<br>*Attorneys for Plaintiff* | **Michael J. Drahos, Esq.**<br>Florida Bar No. 0617059<br>Michael.drahos@gray-robinson.com<br>GRAYROBINSON, P.A.<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, Florida 33401<br>Telephone: (561) 268-5727<br>Facsimile: (561) 268-5745<br>**Nicholas Applin, Esq.**<br>Florida Bar No.: 092243<br>napplin@rccl.com<br>ROYAL CARIBBEAN CRUISES, LTD.<br>1080 Caribbean Way<br>Miami, FL  33132<br>Telephone: (305) 982-2046<br>Alt. Tel.: (305) 539-4457<br>Fax: (305) 539-6561<br>*Attorneys for Defendant* |

11