UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-MCALILEY
[CONSENT CASE]

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian corporation,

      Defendants.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO *DAUBERT* MOTION TO STRIKE PLAINTIFF'S EXPERT KARL LEDERER

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), by and through undersigned counsel, hereby files this Reply to Plaintiff's Amended Response [ECF No. 64] to Defendant's *Daubert* Motion to Strike Plaintiff's Expert Karl Lederer [ECF No. 51], and states as follows:

### ARGUMENT

**I. Plaintiff fell on a friction strip that is flat with the floor prior to the start of the inclined surface.**

Within her *Daubert* response, Plaintiff cites her guest injury statement and onboard documents regarding falling due to a "hump" in the floor. [ECF No. 64, pg. 2]. Defendant does not dispute that there is an inclined surface in the vicinity where Plaintiff fell. However, Plaintiff's own testimony during deposition is that she fell due to her foot getting caught on the black friction strip depicted at the top of this photograph:



3
CR4

[ECF No. 51-3, 68:7 – 15; 51-4].

Plaintiff reviewed her guest injury statement during her deposition. [ECF No. 51-3, 97:14 – 101:6]. Later in deposition, following this review, Plaintiff reaffirmed she believed the strip caught her foot. [*Id.* at 163:19-164:3].

Mr. Lederer himself confirmed during his deposition that this black friction strip is flat to the floor. [ECF No. 51-6, 39:5-7]. Defendant therefore relies on the sworn testimony of Plaintiff herself and her expert in establishing that that she allegedly fell due to a black friction strip that is flat with the floor before the inclined surface begins. Plaintiff cannot state otherwise through attorney-argument made after the fact.

**II.**      **Mr. Lederer's opinions pertain to a ramp/incline inapplicable to Plaintiff's incident.**

Plaintiff argues Mr. Lederer is qualified to render his opinions using guidelines and standards he cites within his report. [ECF No. 64, pgs. 2 – 4]. Defendant does not dispute that in certain situations and other cases, Mr. Lederer may very well be qualified to use such materials in rendering opinions.

The issue in this case is that Mr. Lederer did not know where Plaintiff fell, did not speak with her to ascertain where she fell, and simply rendered a "the ramp is unreasonably dangerous" opinion without even consulting with Plaintiff regarding whether she actually fell on the ramp. To the contrary, Plaintiff's testimony is that she fell on a black friction strip that is flat with the floor prior to the ramped surface beginning. As addressed in Defendant's Motion *in Limine* [ECF No. 58], Plaintiff's testimony renders the application of Mr. Lederer's cited guidelines and standards to the ramp moot. Plaintiff cannot salvage Mr. Lederer's testimony by arguing he properly applied standards and guidelines to an area she ultimately never traversed. *See generally* ECF No. 64, pgs. 4 – 7.

As in Mr. Lederer's report, Plaintiff's *Daubert* response continues to blame the ramp for her fall without any citations to record evidence. Mr. Lederer admitted during deposition he did not know where Plaintiff fell. Despite this, he speculated regarding how Plaintiff's foot placement caused her to fall. According to him, no matter the situation, this would still be an "unanticipated trip and fall":

> Q:      If Ms. Coke fell on the friction strip that's not on the inclined surface, then how did she fall on an uneven surface?
>
> A:      She fell – part of her foot was on the friction strip, but most of it was hitting that sloped surface and catching her foot there at the sloped surface which really caused the fall, the incline she didn't anticipate. But the friction strip exacerbated it by also helping to catch her foot during that time. But the sloped surface was a cause, not the cause, but was a cause of the incident.

Q:      Are you saying that you believe Ms. Coke's foot made contact with the black friction strip and also the ramp surface?

A:      Yes. And – on either the lower or the upper section. You can catch your foot on that slope.

Q:      Does it make a difference if Ms. Coke had her foot placed on the bottom black friction strip, beginning to go up the incline versus Ms. Coke placing her foot on the top inclined surface on the black friction strip?

A:      Well, it would be a different type of step, but still she would be – it would be an unanticipated trip and fall as she hit the slope or the difference in slope.

[ECF No. 51-6,  26:18 – 28:10].

This opinion is not the result of any scientific analysis or reliable methodology. This is simply *ipse dixit* from Mr. Lederer attempting to make his opinions fit regardless of where Plaintiff actually tripped. Without the key starting point in the analysis – the knowledge of where Plaintiff actually fell – Mr. Lederer's opinions are fundamentally flawed and unreliable. His own speculation cannot prop these opinions up to pass *Daubert* muster.

**III.      Mr. Lederer is not qualified to render an opinion regarding whether the ramp was <u>readily apparent or a particular warning would have prevented the incident.</u>**

Plaintiff in her response admits that Mr. Lederer is not a human factors specialist. [ECF No. 64, pg. 11]. However, he is offering opinions as to whether the presence and location of the ramped portion of the walkway was readily apparent.  There is no record evidence concerning whether Mr. Lederer has any experience to qualify him "to render an opinion on what constitutes industry standard to prevent trips on ships, or proper signage related to those incidents." *Leroux v. NCL (Bahamas) Ltd.*, No. 15-23095-civ, 2017 WL 2645755, at *6 (S.D. Fla. June 19, 2017). And, he testified he has no formal education in human factors analysis or biomechanical engineering. ECF No. 51-6, 10:21 – 11:10. While he does cite to general guidelines that require flooring differences to be "readily apparent" and have "walkway transition warnings," there is simply no explanation from Mr. Lederer's CV or deposition that he is qualified to opine on what types of

warnings constitute the industry standard. As such, Plaintiff fails to meet her burden in demonstrating Mr. Lederer is qualified to render these proffered opinions.

WHEREFORE, Defendant, ROYAL CARIBBEAN CRUISES, LTD., respectfully requests that this Court enter an order striking Karl Lederer from testifying in this matter, and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com
Lilia.Parker@Gray-Robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*

**SERVICE LIST**
**CASE NO.: 1:20-cv-24549-MCALILEY**

Nicholas I. Gerson, Esq.
Edward S. Schwartz, Esq.
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:  (305) 371-6000
Facsimile:  (305) 371-5749
ngerson@gslawusa.com
pgerson@gslawusa.com
eschwartz@gslawusa.com
dmarkel@gslawusa.com