UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-McALILEY
(CONSENT CASE)

TAIANA COKE,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A Liberian corporation,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PRIOR INCIDENTS THAT ARE NOT SUBSTANTIALLY SIMILAR (DE 59)

Plaintiff TAIANA COKE through undersigned counsel responds to the Motion *in Limine* filed by Defendant ROYAL CARIBBEAN CRUISES LTD. to Exclude Prior Incidents that, it erroneously claims, are not substantially similar to Ms. COKE's fall. (DE 59).

Ms. COKE first notes that prior incidents are admissible as evidence of a cruise line's actual or constructive notice of a dangerous condition, provided that the circumstances of those prior incidents are substantially similar to the circumstances leading to the injury of the plaintiff seeking to admit the evidence. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 721 (11th Cir. 2019). "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015).

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

ROYAL CARIBBEAN has listed thirty-four instances of trip and falls and slip and falls on *Voyager* class vessels (the relevant class) for the three years prior to Ms. COKE's fall, on the curved approach to the casino on Deck 4, the area where Ms. COKE fell.[1]  ROYAL CARIBBEAN erroneously argues that these falls are not relevant or substantially similar to Ms. COKE's fall because, it incorrectly claims, Ms. COKE did not fall because of any condition of the ramped walkway approaching the casino but instead merely tripped over a nonskid strip unrelated to the ramp or curvature of the walkway. (DE 59 at 2).

The flaws in ROYAL CARIBBEAN's argument were addressed at length in Ms. COKE's Amended Response to ROYAL CARIBBEAN's *Daubert* motion addressed to engineering expert Karl Lederer, P.E. (DE 64).  As explained in Ms. COKE's Amended Response to the *Daubert* motion, ROYAL CARIBBEAN has misconstrued Ms. COKE's testimony concerning the location where she fell.  In her passenger injury statement initially given to ROYAL CARIBBEAN, Ms. COKE stated that she was "falling over the hump," and ROYAL CARIBBEAN's guest accident notification form indicates that Ms. COKE "tripped and fell over a hump." *See* DE 64 at 2, DE 64-1 at 27-28, 53.  Photographs of the area, included in Mr. Lederer's report, as well as the measurements referenced in his report, clearly indicate the sloped, ramp-like nature of the walkway where Ms. COKE fell. (DE 51-1, Report of Karl Lederer, P.E. at 9-21; DE 51-6, Deposition of Karl Lederer at 29:9-19).  ROYAL CARIBBEAN, at Ms. COKE's deposition, showed Ms. COKE

---

[1] ROYAL CARIBBEAN does not suggest that there is any material difference in design of the Deck 4 walkways approaching the Deck 4 casino among the various *Voyager* class vessels.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

a photograph showing a perspective from the top of the ramped area to the bottom, and points out that Ms. COKE ambiguously stated when shown that photograph that she fell at the "top of the page."  Read in conjunction with her initial statements that she fell on the "hump," the statement by Ms. COKE that she fell at the "top of the page" meant that she fell at the top of the ramp rather than the bottom; at most, there could be a question of fact regarding exactly where Ms. COKE fell. In any event, it is clear from Mr. Lederer's testimony that Ms. COKE did not merely trip over a nonskid strip but fell due to the interaction between the nonskid strips on the curved walkway and the inadequately marked and inadequately visible slope of the walkway. (DE 64 at 4-8, DE 51-1 at 5 ¶¶1-2, 6¶3, 6-7¶4, 7¶5, 9-21, DE 51-6 at 19-6-19, 24:1-5, 26:25-27:6, 28:11-24, 29:9-19, 32:5-15, 46:12, 49:1-8, 50:4-17).  Thus, any prior fall on the curved or sloped walkway approaching the Deck 4 casino, on any of the *Voyager* class vessels with a similar Deck 4 walkway design, will be substantially similar to Ms. COKE's incident in the material factors leading to a fall.

ROYAL CARIBBEAN has attached to its Motion summaries and passenger injury statements describing in detail the thirty-four listed prior incidents, again limited to those within the three years prior to Ms. COKE's fall. (DE 59-1, 59-2).  Referring to the prior incidents by date, the relevant descriptors are:

    a.  03/08/2017 – "Floor Was Raised As I Came Off The Carpet";

    b.  03/10/2017 – "Slipped On Ramp Outside Tavern";

    c.  03/17/2017 – "Went Onto A Slippery Surface Off A Down Ramp And Lost Footing";

    d.  04/08/2017 – "Tripped And Fell Next To Tavern Bar And Casino On Level 4";

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

e.  12/01/2017 – "Started up the port side marble ramp and tripped on the incline and fell down … .";

f.  12/22/2017 – "we were walking up a slope on the 4th floor pas the bar and Julie fell over.  It was due to the elevation on the floor which was not noticed.";

g.  01/20/2018 – "walking toward the casino on Deck #4 when her sneakers caught on the floor and she tripped and fell to the ground … .";

h.  04/24/2018 – "Fall outside of tavern where the floor is on upright area.";

i.  05/14/2018 – "Walking up a sloping upward walkway … fell backward.";

j.   05/31/2018 – "outside casino" "I was walking up the uphill aisle and accidently kicked the corner of the pathway  and fell down.";

k.  09/28/2019 – "walking and tripped on nonskid material." (ROYAL CARIBBEAN apparently concedes this incident is similar);

l.  10/19/2018 – "I was walking for the casino and fell on the floor.";

m.  10/30/2018 – "shoe stuck on marble surface stopping forward momentum.  He fell forward … .";

n.  12/08/2018 – "Walking up ramp to casino area on level 4 and tripped on border of tile – incline where tile change color." ;

o.  03/29/2019 – "The floor is sloppy, so I did not notice the floor was not flat.  So I fell face flat on the floor.";

4
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

p.  05/15/2019 – "Patient didn't notice incline of floor on front of boleros on deck 4 resulting in a trip and fall.";

q.  08/24/2019 "Walking up the ramp and she tripped.";

r.  09/07/2019 – "Slipped on incline in front of Bolleros on deck 4 fell onto left side … .";

s.  10/21/2019 – "was walking to the casino and walk up incline and stop and fell on my arm and knee.";

t.  10/24/2019 – "I was walking along the walkway by Tavern bar towards the Casino to look for my friend.  The walkway was sloping upwards when I suddenly tripped and fell.:

u.  11/10/2019 (earlier on the day of Ms. COKE's fall, on the same vessel and walkway) – "As I was walking I tripped on the uneven floor, fell down … ."

(DE 59-1, 1-3).

Thus, in at least twenty-one of the thirty-four prior incidents, the passenger specifically described a fall on the inclined, sloped or ramped area leading to the casino on Deck 4.  While, not unexpectedly, the precise wording used to describe the cause of the fall varied from passenger to passenger, all twenty-one clearly described an adverse interaction with the sloped or curved portion of the walkway leading to the casino, leading the passenger in question to lose balance and fall, just as Ms. COKE did.  Some described the loss of balance as a trip and some described it as a slip, but the mechanism of the fall is the same, an unexpected interaction with the inadequately marked curved or sloped walkway.  At least these twenty-one prior falls are clearly similar in the

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

material respects, the location, deisgn of the walkway, and mechanism of fall, to Ms. COKE's fall.

Indeed, as noted above, another passenger on the very same vessel, earlier on the very day Ms.

COKE fell and proceeding through the very same sloped walkway where Ms. COKE fell, lost her

balance and fell. Ms. COKE has met her burden, and evidence of the prior incidents, particularly

those summarized above, should be admitted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

electronically on all attorneys of record on the attached Service List on this 11th day of March,

2022.

**s/*Edward S. Schwartz***
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS GERSON
Florida Bar No. 20899
ngerson@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
Attorneys for Plaintiff

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

## SERVICE LIST
## COKE V. ROYAL CARIBBEAN CRUISES LTD.
## CASE NO. 20-CV-24549-DLG

| | |
|---|---|
| Philip M. Gerson, Esq.<br>Florida Bar No. 12790<br>pgerson@gslawusa.com<br>Nicholas I. Gerson. Esq.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Jared Ross, Esq.<br>Florida Bar No. 0083857<br>jross@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiff*** | Michael J. Drahos, Esq.<br>Florida Bar No.: 0617059<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>W. Cooper Jarnagin, Esq.<br>Florida Bar No. 11767<br>Cooper.Jarnagin@gray-robinson.com<br>GRAY ROBINSON, P.A.<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, Florida 33401<br>Tel: (561) 268-5728<br>Fax: (561) 268-5745<br>***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com