UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-McALILEY
(CONSENT CASE)

TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A Liberian corporation,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STANDARDS AND GUIDELINES OFFERED BY KARL LEDERER (DE 58)

Plaintiff TAIANA COKE through undersigned counsel responds to the Motion *in Limine* filed by Defendant ROYAL CARIBBEAN CRUISES LTD. to Exclude Standards and Guidelines Offered by Karl Lederer (DE 58).  Karl Lederer, P.E. is Ms. COKE's expert on engineering standards, and the Motion *In Limine* is apparently a companion to ROYAL CARIBBEAN's previously filed *Daubert* motion directed to Mr. Lederer (DE 51), to which Ms. COKE has already responded, in an Amended Response to the *Daubert* motion (DE 64).

ROYAL CARIBBEAN first erroneously argues that the engineering standards referenced by Mr. Lederer in his testimony about the inadquately marked ramp or sloped area on which Ms. COKE slipped are irrelevant because, ROYAL CARIBBEAN claims, Ms. COKE did not fall on the ramp but merely tripped on a friction strip unassociated with the ramp.  As explained in Ms.

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

COKE's Amended Response to the *Daubert* motion, ROYAL CARIBBEAN has misconstrued Ms. COKE's testimony concerning the location where she fell. In her passenger injury statement initially given to ROYAL CARIBBEAN, Ms. COKE stated that she was "falling over the hump," and ROYAL CARIBBEAN's guest accident notification form indicates that Ms. COKE "tripped and fell over a hump." *See* DE 64 at 2, DE 64-1 at 27-28, 53. Photographs of the area, included in Mr. Lederer's report, as well as the measurements referenced in his report, clearly indicate the sloped, ramp-like nature of the walkway where Ms. COKE fell. (DE 51-1, Report of Karl Lederer, P.E. at 9-21; DE 51-6, Deposition of Karl Lederer at 29:9-19). ROYAL CARIBBEAN, at Ms. COKE's deposition, showed Ms. COKE a photograph showing a perspective from the top of the ramped area to the bottom, and points out that Ms. COKE ambiguously stated when shown that photograph that she fell at the "top of the page." Read in conjunction with her initial statements that she fell on the "hump," the statement by Ms. COKE that she fell at the "top of the page" meant that she fell at the top of the ramp rather than the bottom; at most, there could be a question of fact regarding exactly where Ms. COKE fell.

Mr. Lederer was also clear both that he measured the slopes at both the top and bottom of the ramp, on the "entire ramp," and his opinions regarding the dangers both in the inadequately marked sloped area itself and the interaction between the friction strips and adjacent sloped areas, creating nonuniform slip resistance, were the same both for the areas at the top and at the bottom of the ramp, "applicable to both" sections. (DE 64 at 5-8, DE 51-1 at 9-21, DE 51-6 at 19-6-19, 26:25-27:6, 28:11-24, 29:9-19, 46:12, 49:1-8, 50:4-17). Mr. Lederer's essential opinions, that the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

slope of the ramp was not readily apparent to passengers and inadequately marked, and that the interaction between the friction strips and the sloped marble walkway increased the hazard by creating nonuniform slip resistance, were the same whether Ms. COKE fell at the top of the ramp as she indicated in her passenger injury statement or at the beginning of the ramped area as ROYAL CARIBBEAN suggests.  Contrary to ROYAL CARIBBEAN's suggestion, Ms. COKE did fall on the ramp and did fall due to interaction between the friction strip and ramp, making Mr. Lederer's opinions and meausrements relevant.  For example, he noted that that Section 10.1.6 of ASTM F1166-07 and Section 5.1.6.2 of the Life Safety Code both require elevation changes to be "readily apparent" to approaching pedestrians, that the Life Safety Code, NFPA 101, Section 7.1.6.4, requires the "walking surface of each element and the means of egress" to "be uniformly slip resistant along the natural path of travel," that the curved area of the walkway functioned as a ramp for purposes of both ADA standards and Section 5.1.2 of the Life Safety Code, that the curved area included cross-slopes violating ADA Advisory 405.7, NFPA 101 Section 5.2.5.3.2 and NFPA 301 Section 6.2.5.5.3 and that Section 10.1.6 of ASTM F1166-07 and Section 5.1.6.2 of the Life Safety Code both require elevation changes to be "readily apparent" to approaching pedestrians, and that the ramp contained changes in elevation greater than 3/8 of an inch that were not readily visible and inadequately marked, in violation of ASTM F1106-07 and ASTM F1637, and lacked available, readily useable handrails, in violation of  Sections 405.8 and 505.10.1 of the ADA Standards, Section 5.2.5.4 of the Life Safety Code, and Section 6.2.5.4, NFPA 301, and that ROYAL CARIBBEAN failed to provide slip resistant surfacing on the entire portion of the ramp,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

in violation of NFPA Section 5.2.5.3.3 and NFPA 301 Section 6.2.5.3.2.  (DE 64 at 4-6, DE 51-6 at 24:1-5, 32:5-15, DE 51-1 at 5 ¶¶1-2, 6¶3, 6-7¶4, 7¶5).  All the standards cited are relevant to his analysis and support his explanation of the hazards posed by the inadequately marked ramped area.

ROYAL CARIBBEAN also objects that the cited standards are not relevant in a marine environment.  As Mr. Lederer explains and ROYAL CARIBBEAN acknowledges, however, ASTM F1106-07 is entitled "Standard Practice for Human Engineering Design for Marine Systems, Eqipment and Facilities," while the National Fire Protection (NFPA) code cited by Mr. Lederer includes a "Code for Safety to Life from Fire on Merchant Vessels." (DE 58-2, DE 51-1, 33-36, 40-45).  These standards, on which Mr. Lederer heavily relies, on their face and by their own terms apply in a marine environment.  As ROYAL CARIBBEAN also notes, ASTM standards have been considered and applied in previous maritime cases. *E.g., Holderbaum v. Carnival Corp.*, 87 F.Supp.3d 1345, 1353 (S.D. Fla. 2015); *see Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280, 1282 (11th Cir. 2015).  Mr. Lederer cites these standards and others in support of his opinions, and the other standards cited are consistent with the ASTM and NFPA sections applying by their own terms to a maritime environment.  The standards are relevant, and Mr. Lederer's explanation of them and their application to Ms. COKE's fall should be admitted.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on all attorneys of record on the attached Service List on this 11th day of March, 2022.

s/*Edward S. Schwartz*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS GERSON
Florida Bar No. 20899
ngerson@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
Attorneys for Plaintiff

*Coke v. Royal Caribbean Cruises LTD.*
CASE NO. 20-CV-24549-DLG

<u>**SERVICE LIST**</u>
**COKE V. ROYAL CARIBBEAN CRUISES LTD.**
**CASE NO. 20-CV-24549-DLG**

| | |
|---|---|
| Philip M. Gerson, Esq.<br>Florida Bar No. 12790<br>pgerson@gslawusa.com<br>Nicholas I. Gerson. Esq.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Jared Ross, Esq.<br>Florida Bar No. 0083857<br>jross@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiff*** | Michael J. Drahos, Esq.<br>Florida Bar No.: 0617059<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>W. Cooper Jarnagin, Esq.<br>Florida Bar No. 11767<br>Cooper.Jarnagin@gray-robinson.com<br>GRAY ROBINSON, P.A.<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, Florida 33401<br>Tel: (561) 268-5728<br>Fax: (561) 268-5745<br>***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com