UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-24549-McALILEY
(CONSENT CASE)


TAIANA COKE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A Liberian corporation,

      Defendants.

_____/


**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (DE 70) TO PLAINTIFF'S MOTION IN LIMINE (DE 65)**

Plaintiff through undersigned counsel replies briefly to the Defendant's Response (DE 70) to Plaintiff's Motion in Limine (DE 65).


**Alleged Non-Occurrence of Prior Similar Incidents**

ROYAL CARIBBEAN acknowledges in its Response the essential point made in Plaintiff's Motion, that a party seeking to introduce evidence of the alleged nonoccurrence of prior similar incidents must lay a foundation showing both that the hypothetical prior uninjured passengers traversed the same area of Deck 4 of its vessel, leading toward the casino, where Ms. COKE fell, and that the conditions these hypothetical passengers encountered on Deck 4 were were substantially similar to the conditions Ms. COKE encountered. *See Acevedo v. NCL (Bah.)*

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

*Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017), *citing Pittman v. Littlefield*, 438 F.2d 659, 662 (1st Cir. 1971)(excluding evidence of the absence of prior similar incidents where NCL had failed to establish a sufficient foundation to admit such evidence; in order to admit evidence of the absence of prior accidents, a party seeking to introduce such evidence "'must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident.'"); *Diczok v. Celebrity Cruises, Inc.*, 2017 U.S. Dist. LEXIS 116820, 2017 WL 3206327 (S.D. Fla. Case No. 16-210110-CIV-SEITZ/TURNOFF, July 26, 2017)(party seeking to rely on evidence of the absence of prior incidents "must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident.").  In the absence of such a foundation, comments such as those offered by corporate representative Amanda Campos to the effect that "millions" of passengers had traversed the area but that only a "tiny" "fraction" had fallen represent rank speculation in addition to reflecting the uncertainty inherent in all attempts to prove a negative. (*See* DE 59-3, Deposition of Amanda Campos, August 3, 2021 at 96:7-15).

In this case, ROYAL CARIBBEAN in its pretrial filings to date has yet to lay the necessary foundation to support an argument based on an asserted absence of prior incidents, and does not argue that it has.  In the absence of an adequate foundation, argument concerning an alleged absence of prior incidents would be speculative, confusing to the jury and unfairly prejudicial, and so should be excluded under Federal Rule of Evidence 403 and cases such as *Acevedo, Diczok*, and *Pittman*.

2

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

## **The Defendant's Corporate Representative Should Not be Permitted At Trial To Contradict Or Vary From Binding Testimony Given In Deposition Pursuant To Rule 30(b)(6), Federal Rules Of Civil Procedure**

In her Motion, the Plaintiff noted that a corporate deponent has a duty to prepare its representative, giving a deposition pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, so that the representative can testify on the basis of collective corporate knowledge and "answer fully, completely unevasively, the questions posed ... as to the relevant subject matters." *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006), *quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)(emphasis in Brazos); *see also Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999)(corporate Rule 30(b)(6) deponent must "designate persons who have knowledge of the matters sought" and "prepare those persons so that they are able to give complete and knowledgeable answers.").

Accordingly, the corporate representative's testimony is binding on the corporation, not only as to the matters as to which the representative professes corporate knowledge, but even more importantly as to those matters where the representative professes a lack of corporate knowledge or limited corporate knowledge.  Allowing a corporation to testify at trial inconsistently with its professed pretrial lack of knowledge would lead to surprise and resulting unfair prejudice to the adverse party. *See QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012)( a corporate representative's answer at a Rule 30(b)(6) deposition professing "lack of knowledge" regarding a designated topic "is itself an answer which will bind the corporation at trial."); *Don Goyo Aviation Corp. v. Catlin Ins. Co.*, 2018 U.S. Dist.

3

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

LEXIS 168100 at *12 (S.D. Fla. Case No. 17-22390-CIV-COOKE/GOODMAN, September 27, 2018), *citing QBE Ins. Corp.*, 277 F.R.D. at 690 ("As a natural consequence of Don Goyo expressing that it does not have knowledge as to these specific events, Don Goyo 'will not be allowed to effectively change its answer by introducing evidence at trial'").

ROYAL CARIBBEAN in its Response does not contest (or indeed, even address) these recognized principles governing corporate representative testimony.  Instead, ROYAL CARIBBEAN objects that Plaintiff's Motion is abstract because it does not specify the corporate representative testimony at issue.  Even a cursory reading of Plaintiff's Motion, however, will show that Plaintiff did specify the corporate representative testimony that should bind ROYAL CARIBBEAN at trial.  In particular, ROYAL CARIBBEAN through Ms. Campos indicated that it was not "sure" "exactly" where Ms. COKE fell, at least as of the time of Ms. Campos' deposition. (DE 59-3 at 48:18-21, 49:6-16). ROYAL CARIBBEAN also indicated that the vessel's camera system, while apparently operational on the day Ms. COKE fell, had not been able to capture the fall itself because of a column blocking the camera view, so that there was no available CCTV footage depicting the fall. (DE 59-3 at 48:20-21, 187:17-24, 191:14-192:5).  These professions of lack of knowledge are binding on ROYAL CARIBBEAN under *QBE* and *Don Goyo*, and ROYAL CARIBBEAN should not at trial be able to introduce either a "newly discovered" video of the incident or other previously undisclosed evidence purporting to indicate precisely where on Deck 4 Ms. COKE fell.

4

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

### The Defendant's Expert Witness Should Not be Permitted At Trial To Give Testimony Inconsistent With His Expert Report Served Pursuant To Rule 26(a)(2)(B), Federal Rules Of Civil Procedure

In her Motion, the Plaintiff noted that expert testimony should be limited to the matters addressed in his report, and experts should not be allowed to give surprise testimony at trial inconsistent with their opinions as stated in their Rule 26 report. *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir. 2008)(affirming exclusion of proffered expert testimony where the expert reports submitted failed "to state any actual opinions" and "lack[ed] any of the substance required by *Rule 26(a)(2)(B)*"); *Brown v. NCL (BAHAMAS) LTD.*, 190 F. Supp. 3d 1136, 1142 (S.D. Fla. 2016)(Rule 26(a)(2) requires an expert disclosure to contain "a complete statement of all opinions" to which the expert intends to testify at trial "and the basis and reasons for them"); *cf. Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.* 282 F.R.D. 655 (M.D. 2012)(while expert at trial could "permissibly" "supplement," "elaborate upon" or "explain" his previously served expert report, he could not testify at trial to "an entirely new testing protocol," not previously disclosed, "that formed the basis for his expert opinion.").

ROYAL CARIBBEAN does not contest these principles but argues that they are abstract as applied to its engineering expert David P. Wills, P.E. as an engineering expert witness and that Ms. COKE has not specified the portions of his Rule 26(a)(2)(B) report to which she objects. ROYAL CARIBBEAN is incorrect.  In the Motion, Ms. COKE clearly indicated that Mr. Wills had expressed an opinion concerning the location of Ms. COKE's fall, an opinion at variance with

5

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

Ms. COKE's statement in her passenger injury statement that she had fallen on a "hump" of an incline.  Mr. Willis also stated that he had "not determined" the cause of Ms. COKE's fall. (DE 51-5, Report of David Wills at 3-4).  He should not be allowed at trial to alter his opinion radically by suddenly claiming to have discovered an alternative cause or location of the fall.  Such a radical departure at trial from the opinions stated in his report would surprise and unfairly prejudice Ms. COKE, and should not be allowed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this March 24, 2022, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**s/Edward S. Schwartz**
Edward S. Schwartz, Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Gerson& Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*

6

COKE v. ROYAL CARIBBEAN CRUISES LTD.
CASE NO. 21-cv-24549-McAliley
(CONSENT CASE)

## SERVICE LIST

**CASE NO. 20-CV-24549-McALILEY**
**(CONSENT CASE)**

| | |
|---|---|
| **Philip M. Gerson, Esq.** | **Michael J. Drahos, Esq.** |
| Florida Bar No.: 127290 | Florida Bar No. 0617059 |
| pgerson@gslawusa.com | Michael.drahos@gray-robinson.com |
| **Nicholas I. Gerson, Esq.** | GRAYROBINSON, P.A. |
| Florida Bar No. 20899 | 515 North Flagler Drive, Suite 650 |
| ngerson@gslawusa.com | West Palm Beach, Florida 33401 |
| **Edward S. Schwartz , Esq.** | Telephone: (561) 268-5727 |
| Florida Bar No. 346721 | Facsimile: (561) 268-5745 |
| eschwartz@gslawusa.com | **Nicholas Applin, Esq.** |
| **David L. Markel, Esq.** | Florida Bar No.: 092243 |
| Florida Bar No. 78306 | napplin@rccl.com |
| dmarkel@gslawusa.com | ROYAL CARIBBEAN CRUISES, LTD. |
| Gerson & Schwartz, P.A. | 1080 Caribbean Way |
| 1980 Coral Way | Miami, FL  33132 |
| Miami, Florida 33145 | Telephone: (305) 982-2046 |
| Telephone:(305) 371-6000 | Alt. Tel.: (305) 539-4457 |
| Facsimile:(305) 371-5749 | Fax: (305) 539-6561 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

7