UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24549-MCALILEY
[CONSENT CASE]

TAIANA COKE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

**ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE
STANDARDS AND GUIDELINES OFFERED BY KARL LEDERER**

Defendant has filed a Motion *in Limine* to exclude at trial certain standards and guidelines that Plaintiff's expert, Karl Lederer, relies upon in his expert report. (ECF No. 58). The Motion is fully briefed. (ECF No. 69). The standards and guidelines that Defendant seeks to exclude are: (i) 2010 ADA Standards for Accessible Design; (ii) National Fire Protection Association (NFPA), *Life Safety Code*; (iii) NFPA, *Code for Safety to Life from Fire on Merchant Vessels*; (iv) ATSM Designation: F1637-95, *Standard Practice for Safe Walking Surface*; and (v) ATSM Designation: F1166-07, *Standard Practices for Human Engineering Design for Marine Systems, Equipment, and Facilities*. (ECF No. 58).

Defendant argues that the standards and guidelines are irrelevant because (1) they do not "address the black friction strip that Plaintiff testified she fell on, its placement on the floor, its coefficient of friction, or its interaction with the change in elevation" and (2)

1

Plaintiff has not shown that the standards and guidelines "are evidence of custom or ordinary practice among engineers or architects within the maritime industry." (*Id*. at 2-3).

The Court is not persuaded by Defendant's first argument. Having carefully reviewed the record, the Court concludes that there is an issue of fact regarding where Plaintiff tripped (i.e., on the friction strip or on the inclined floor). *Compare* (ECF No. 51-3 at 64:1-3; 68:7-69:21, *Deposition Transcript of Tatiana Coke*) (testifying that her foot got caught on black friction strip) *with* (ECF No. 64-1 at 27-28, *Guest Injury Statement of Tatiana Coke*) (Plaintiff states that she fell over "hump of the floor"); (ECF No. 64-1 at 53, *Guest Accident Notification re: Tatiana Coke*) ("Guest states that she tripped over a hump and fell hurting her left knee.").

The Court is also not persuaded by Defendant's second argument. Two of the challenged standards by their own terms apply in the maritime context, ATSM Designation F1166-07 and NFPA Code for Safety to Life from Fire on Merchant Vessels. With respect to the other ATSM standard that Defendant seeks to exclude, courts recognize that [ATSM] standards are appropriately used when establishing the standard of care in passenger cruise ship cases." *Peck v. Carnival Corp.*, No. 16-20214-Civ, 2017 WL 7726728, at *6 (S.D. Fla. July 13, 2017) (citing *Sorrels v. NCL*, 796 F.3d 1275, 1282 (11th Cir. 2015)).

The remaining standards, which pertain to walking surfaces and ramps, are not clearly inapplicable on this record. "[W]here the hazard alleged is not unique to the maritime environment, it is not necessary to apply only maritime standards (which seemingly do not exist)." *Peck*, 2017 WL 7726728 at *6 (citation omitted); *see also Altidor v. Carnival Corp.*, 550 F.Supp.3d 1322, 1337 (S.D. Fla. 2021) ("When an injury is of the

type that could occur on land and does, in fact, occur in similar ways also on land, such standards, even if not exclusively maritime, are admissible and relevant."). The alleged hazard here, either the friction strip or a change in elevation of flooring, is not unique to ships. *See e.g., Id*. at *5-6 (permitting expert to rely upon NFPA Life Safety Code, ASTM F1166-07 and International Building Code provisions because "Defendant does not point to any evidence that the area where the Plaintiff's alleged incident took place was uniquely maritime…[and] Plaintiff does not allege that incident occurred because of a uniquely maritime issue such as ship listing or movement."); *Altidor*, 550 F.Supp.3d at 1338 (allowing expert to rely upon ASTM and International Property Maintenance Codes).

For the foregoing reasons, the Court hereby **ORDERS** that Defendant's Motion *in Limine* to Exclude Standards and Guidelines Offered by Karl Lederer, (ECF No. 58), is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record